UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES A. COX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-2267-B |
| | § | |
| CENTRAL INSUREX AGENCY, INC., | § | |
| d/b/a CENTRAL MUTUAL INSURANCE | § | |
| COMPANY aka CENTRAL INSURANCE | § | |
| AGENCY INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Central Mutual Insurance Company's ("Central Insurance")
Motion to Dismiss (doc. 6), filed September 30, 2011. Plaintiff James A. Cox filed a Response (doc.
8) on October 12, 2011, and Central Insurance filed a Reply (doc. 9) on October 25, 2011. For the
reasons stated below, Defendant's Motion to Dismiss is **DENIED**.

## I.

## BACKGROUND

This action involves a retaliation claim, brought by Plaintiff James A. Cox under Title VII
of the Civil Rights Act and the Texas Commission on Human Rights Act (TCHRA). In his
Complaint, Cox states that he was hired by Central Insurance in 2000 as an auto material damage
claims supervisor. Compl. ¶ 7. During his ten years at the company, he was supervised by the
Regional Claims Manager, Allen Beghtel ("Beghtel"). *Id.* Between 2000 and 2010, Cox claims that
he received positive performance reviews and praise for his work performance. *Id.* ¶ 8.

Plaintiff alleges that on April 15, 2010, he was asked to attend a meeting to address a complaint raised by another Central Insurance employee, Rosalina Richardson ("Richardson"). *Id.* ¶ 9. Richardson's complaint alleged that she had been passed over for promotion as a result of discrimination on the basis of race and sex. *Id.* During the course of the meeting, Cox was asked about Richardson and offered responses that contradicted those of Beghtel. *Id.* ¶ 10. Cox claims that after this meeting, Beghtel began to treat him differently from other similarly situated employees. *Id.* ¶ 11. On one occasion, for example, Beghtel allegedly informed Cox that if he was unwilling to support management, he would not remain on staff. *Id.* ¶ 12. Cox also claims that on April 19, 2010, four days after the meeting concerning Richardson's complaint, Beghtel requested that Cox halt any expenses for lunch provided to potential vendors, an issue that Beghtel had never previously raised. *Id.* ¶ 13. As a result, on May 7, 2010, Cox complained to Human Resources and to Tim Rauch ("Rauch"), the Regional Vice President of Central Insurance, that he was being retaliated against for his participation in the investigation of Richardson's complaint. *Id.* ¶ 14.

On February 2, 2011, Cox received his first negative performance review since being hired. *Id.* ¶ 15. Subsequently, on March 4, 2011, Cox alleges that Beghtel misrepresented conversations between the two to Rauch. *Id.* ¶ 17. On that same day, Rauch fired Cox without independently investigating the claims made by Beghtel. *Id.* Prior to his termination, Cox claims that he never received any negative comments, disciplinary memos, or warnings pertaining to his work performance or demeanor. *Id.* ¶ 18. Nevertheless, Cox claims that his personnel file, which he obtained after being fired, included false information. *Id.* ¶ 20.

Cox filed his Original Complaint in this Court on September 1, 2011. Cox alleges that this firing was in retaliation for his failure to offer answers that matched those of Bechtel during the

investigation of Richardson's complaint. He claims that between April 2010 and May 2011, he faced antagonism within the workplace, and when he complained about the possibility of retaliation, management failed to investigate his claims. Rather than file an Answer, Central Insurance filed a Motion to Dismiss pursuant to Rule 12(b)(6), arguing that Cox fails to state a plausible claim for relief because the Complaint is factually deficient. Cox filed a Response on October 12, 2011, and Central Insurance filed a Reply on October 25, 2011. The Motion now being ripe, the Court will address Defendant's contentions below.

## II.

## LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support her claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability

requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## III.

## ANALYSIS

Central Insurance argues that Cox has failed to demonstrate specific facts to allege a claim of retaliation under either Title VII or the TCHRA. 42 U.S.C. § 2000e-3 (2003); TEX. LAB. CODE ANN. § 21.055 (West 2006). Cox alleges that Central Insurance retaliated against him because he failed to support Beghtel's version of the facts regarding Richardson's complaint of sex and race discrimination. More precisely, Central Insurance argues that Cox has failed to show how his disagreement with Bechtel resulted in discriminatory treatment.

To state a prima facie claim of retaliation under both Title VII and the TCHRA,[1] a plaintiff

---

[1] A prima facie case of retaliation under both Title VII and the TCHRA requires that the plaintiff demonstrate the same factors. *See Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.–Houston [14th dist.] 2007, pet. denied). Additionally, because the TCHRA effectuates federal legislation, Texas courts have looked to federal precedent when interpreting the statute. *Univ. of Tex. v.*

must show the following: (1) that he engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that there was a causal link between the protected activity and the adverse employment action. *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 129 (5th Cir. 2011). The Fifth Circuit has held that the "causal link" to show a prima facie case for retaliation is not as stringent as the "but for" standard. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002). Therefore, to defeat a motion to dismiss, a plaintiff need not plead facts that demonstrate that the retaliatory action occurred purely as a result of the protected activity, but merely that the protected activity was a factor motivating the employer's decision. *See Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996) (noting that the plaintiff "need not prove that her protected activity was the sole factor motivating the employer's challenged decision in order to establish the 'causal link' element of a prima face case"). To establish a prima facie case, then, a plaintiff must only produce "*some* evidence of a causal link." *Ackel v. Nat'l Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (emphasis in original). Furthermore, no single factor is paramount in determining whether a retaliation occurred; rather, the court must look at the complaint in its entirety to determine whether the plaintiff's allegations are pleaded beyond the level of speculation. *See E.E.O.C. v. Hobson Air Conditioning*, 3:10-cv-818-L, 2010 WL 383553, at \*3 (N.D. Tex. Sept. 28, 2010) (Lindsay, J.).

Central Insurance argues that Cox has failed to satisfy the third prong because he makes little attempt to connect the protected activity to the adverse employment action. To support this argument, Central Insurance contends that eleven months elapsed between the Richardson

---

*Poindexter,* 306 S.W.3d 798, 807 n.7 (Tex. App.–Austin 2009, no pet.). Therefore, for the purposes of this Order, the Court will address both statutes uniformly.

investigation and Cox's firing, and that time alone is too lengthy to demonstrate a causal connection. Def.'s Mot. to Dismiss 5. In other words, Central Insurance argues that Cox fails to provide sufficient detail that would permit a reasonable inference that his employer was motivated to retaliate against him. The Court disagrees with Defendant. The Complaint does more than offer "threadbare recitals" of a cause of action for retaliation and instead presents specific instances of harassment that, when taken as true, state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50.

While Cox's Complaint does include conclusory statements, it also sets forth sufficient detail to plausibly connect his statements regarding Richardson's complaint to his eventual firing. For example, Cox alleges that soon after these statements, Beghtel warned him that he needed to support management, and began harassing him about charges that had heretofore been standard within the office. Cox also filed a complaint regarding potential retaliation in May of 2010, and reports that he was generally antagonized until his firing. While it is true that his first negative performance review was not until February of the following year, Cox also notes that this was the first performance review he received after participating in the investigation of Richardson's complaint. Compl. ¶ 15. Finally, Cox contends that Rauch made the decision to fire him only as a result of Beghtel's misrepresentations to him, thereby preserving the causal link between the protected activity and adverse employment action. *See Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002). Unlike many of the cases that Defendant cites, then, Cox has set forth facts that would allow the court to reasonably infer that Central Insurance acted to fire Cox as a result of his protected conduct. Both parties may find further support for their arguments during discovery, but at this stage, Cox has offered enough information to demonstrate that a causal link is plausible.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint sets forth sufficient allegations to satisfy Rule

12(b)(6). Accordingly, the Court **DENIES** Defendant's Motion to Dismiss.

**SO ORDERED.**

**SIGNED January 26, 2012**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE